[Civ. No. 988.   Fifth Dist.   July 3, 1968.]

BILL M. MANNING et al., Plaintiffs and Respondents, v. WAYNE I. QUEEN et al., Defendants and Appellants.

Max H. Hoseit for Defendants and Appellants.

No appearance for Plaintiffs and Respondents.

STONE, J.—This case presents a novel question concerning the rights of a beneficiary under a subordinate deed of trust. Respondents purchased a parcel of real property from appellants by assuming a first deed of trust securing a note payable to Guarantee Savings & Loan Association in the sum of $15,900, and executing a second deed of trust to secure the balance of the purchase price, in the sum of $2,750.

The first deed of trust provided that in the event the trustors failed to pay taxes, insurance and other items necessary to protect the property, the beneficiary (Guarantee Savings & Loan) had the right to advance the sums necessary to make such payments and add these amounts to the principal sum without declaring a default, or, in the alternative, to pay them, declare a default and add the amount of such payments to the principal. Appellants' second deed of trust contained similar provisions.

Respondents, the trustors under both deeds of trust, failed to pay taxes and to make certain other payments as required by both deeds of trust. Guarantee Savings & Loan advanced respondent-trustors the money to make the payments, including penalties, which amounts were added to the sum owed under its first deed of trust. In addition to the taxes, Guarantee paid for mortgage insurance, fire insurance, a $150 impound account reserve for future taxes, a loan advancement fee of $60.21, and nineteen separate monthly charges of $16.96 as late-payment fees. Guarantee also filed a notice of default, which was cancelled, and added $113 to the principal of its loan to cover that cost. Altogether the payments advanced by Guarantee increased the principal of the loan secured by the first deed of trust from $15,900 on May 4, 1964, to $16,790.50 on January 17, 1967.

Respondent-trustors also failed to make six monthly payments to appellants on the second deed of trust. Appellants caused a notice of default to be recorded, whereupon respondents tendered the amount of the payments plus a $50 delinquency fee. Respondents contended the tender complied with the requirements of Civil Code section 2924c and cured their default. Appellants refused to accept the tender upon the

ground respondents were still in default to the extent taxes, insurance premiums and other advances had been added to the principal secured by the first deed of trust.

Appellants' point is that taxes, insurance and other costs required to be paid by the trustors under the terms of their second deed of trust were not "paid" when Guarantee advanced the money and added it to the principal of the first deed of trust. By this maneuver respondents impaired the security for the second deed of trust by increasing the lien of the first deed of trust.

There is no question that under the terms of the first deed of trust Guarantee had the right to elect, as it did, to advance payments for taxes and related charges, add the amount to the principal, and waive the default. Guarantee also had the right, had it wished, to declare a default, make payments to protect the property, and recoup by adding the sum to the amount due on foreclosure sale. In short, Guarantee had an opportunity to assess the value of the security and decide whether to advance money, add it to the principal, and waive the default, or to pay the amounts and declare a default.

The election by Guarantee did not relieve the trustors of their obligations under the separate agreement, the second deed of trust. Although the rights of the beneficiaries under the second deed of trust are subordinate to the first, the two agreements are not integrated. Therefore we see no reason why the beneficiary of the second encumbrance, who must look to the property alone for security, should be required to sit idly by while the first encumbrance is enlarged by the trustors' failure to make payments specifically required by the terms of the second deed of trust. In addition to the anticipated depreciation of the property, appellants here suffered impairment of their security by an increased indebtedness under the first deed of trust. Their only means of protection was to declare a default, particularly since the encumbrance is a purchase price deed of trust which precludes a deficiency judgment. (Code Civ. Proc. § 580b.)

Our conclusion that respondent-trustors were in default is not in derogation of the rights of the beneficiary of the first deed of trust who advanced funds to the trustors to pay taxes, insurance and other costs to preserve the security. Under the terms of the first encumbrance, these amounts were added to the principal and they have priority over the junior lien.

The judgment is reversed.

Conley, P. J., and Gargano, J., concurred.